JAKE ZIMMERMAN V. THE STATE.

No. 18996. Delivered May 12, 1937.

The opinion states the case.

*Hughes & Monroe* and *Jack Gillespie, Jr.,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor; the punishment being assessed at a fine of one hundred dollars.

Omitting the formal parts, the complaint reads as follows: "Jake Zimmerman, hereinafter styled defendant, heretofore, on or about the sixth day of September, A. D. 1936, in the County of Dallas and State of Texas, was then and there the holder of a package store permit issued by the Texas Liquor Control Board of Texas for the sale of liquor on the premises located at 2700 South Ervay Street in the City of Dallas, Dallas County, Texas, and the said Jake Zimmerman did unlawfully then and there in and upon said premises sell and deliver one-half pint of liquor to H. H. Brossman the sixth day of September, A. D. 1936, being a Sunday."

The averments in the information correspond with those of the complaint. The prosecution proceeded under subdiv. (d) of sec. 25, art. 1, chap. 467, General and Special Laws passed by the 44th Legislature at its Second Called Session. Said subdivision prohibits the sale or delivery of liquor on or from the premises of the holder of any permit on Sunday, except upon the prescription of a duly licensed physician. It is observed that the complaint and information fail to negative the exception, that is, fail to allege that the sale was not made upon a prescription from a duly licensed physician. In the recent case of Mrs. Sterling D. Anderson v. The State, Opinion No. 18,629, delivered December 9, 1936 (page 37 of this volume), this court held that the exception was so clearly made part of the offense and was so plainly written into the very description and definition of the offense as that one could not be read without the other. In that case it was charged that the holder of a permit sold liquor on Sunday. It was held that it was necessary to negative the exception.

It is suggested that if another complaint be filed that the liquor alleged to have been sold should be described by alcoholic content or in such manner as to show that it was comprehended by the statute.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.